## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BROTHER OF THE LEAF, LLC, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | Civil Action No.  SA-14-CV-479-XR |
| | § | |
| PLASTIC PRODUCTS COMPANY, INC., | § | |
| d/b/a SMITH METAL PRODUCTS, INC., | § | |
| | § | |
| *Defendant.* | § | |

## ORDER

On this date, the Court considered Defendant's motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction.  Doc. No. 6.  After careful consideration, the motion is GRANTED.

## BACKGROUND

This case arises out of a prospective business relationship gone awry.   Plaintiff Brother of the Leaf LLC ("BOTL") is a Texas-based designer and manufacturer of premium cigar cutters.   Defendant Plastic Products Company, Inc. ("Plastic") is a Minnesota corporation engaged in the business of creating metal and ceramic parts.  Sometime in 2012, BOTL decided to design and market an all-metal cigar cutter.  Compl. ¶ 22.  After seeing Plastic's advertisements, BOTL contacted Plastic to see if it would be interested in potentially designing and producing a new cigar cutter.  *Id.* at ¶ 27.   Although apparently no agreement was ever reduced to writing, BOTL alleges that over the course of several years Plastic manifested its intent to manufacture a metal cigar cutter for BOTL to sell.  Eventually, Plastic

1

informed BOTL in March of 2013 that it did not have the resources to devote to the cigar cutter project. *Id.* at ¶ 47.   This lawsuit ensued.

On May 23, 2014, BOTL filed an original complaint in this Court asserting causes of action for: (1) breach of agreement / promissory estoppel and; (2) false advertising / misrepresentation in violation of 15 U.S.C. §1125. *Id.* ¶¶ at 53-54.   On July 9, 2014, Plastic filed this motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction. Doc. No. 6.

## LEGAL STANDARD

Personal jurisdiction over Defendants exists if: (1) the Texas long-arm statute confers such jurisdiction; and (2) the exercise of that jurisdiction comports with the Due Process Clause. *Paz v. Brush Engineered Materials, Inc.*, 445 F.3d 809, 812 (5th Cir. 2006) (quoting *Allred v. Moore & Peterson*, 117 F.3d 278 (5th Cir. 1997)).   The Texas long-arm statute authorizes courts to exercise jurisdiction over a nonresident defendant who "does business" in the state. TEX. CIV. PRAC. & REM.CODE ANN. § 17.042 (Vernon 2008).   Texas courts have interpreted this provision broadly to permit jurisdiction over nonresidents as far as the U.S. Constitution permits.   *See Blair Communications, Inc. v. SES Survey Equip. Services, Inc*., 80 S.W.3d 723, 727 (Tex. App.—Houston [1st Dist.] 2002, no pet.).   As a result, the only inquiry is whether jurisdiction over the nonresident Defendants would violate the U.S. Constitution. *Religious Tech. Center v. Liebreich*, 339 F.3d 369, 373 (5th Cir. 2003) ("Because the Texas Long Arm Statute is coextensive with the confines of Due Process, questions of personal jurisdiction in Texas are generally analyzed entirely within the framework of the Constitutional constraints of Due Process.").

2

Well established Supreme Court jurisprudence dictates personal jurisdiction over a nonresident defendant is constitutional when: (1) the defendant has established minimum contacts with the forum state; and (2) the exercise of jurisdiction comports with traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  There are sufficient minimum contacts when the nonresident defendant purposefully avails him or herself of the privilege of conducting activities within the forum state, thereby invoking the benefits and protections of its laws.  *Id.*

A defendant's contacts with a forum can give rise to either specific or general jurisdiction.  *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994).  Specific jurisdiction exists when "the defendant has 'purposefully directed' his activities at residents of the forum ... and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King v. Rudzewicz*, 471 U.S. 462, 472 (1985) (internal citations omitted).  The nonresident's purposeful and deliberate activities in the forum must be such that he could reasonably anticipate being haled into court in that state. *Id.* at 474.  Specific jurisdiction also requires a sufficient nexus between the nonresident's contacts with the forum and the cause of action.  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).   In contrast, general jurisdiction exists when the defendant's contacts with the forum state are "continuous and systematic." *Id.*

## DISCUSSION

*1.  Specific Jurisdiction*

First, the Court turns to whether Plaintiff has established a *prima facie* case of specific jurisdiction.  Since specific jurisdiction is claim specific, the Court must assesses whether

Plastic has sufficient minimum contacts with Texas with respect to each cause of action that BOTL asserts. *See Seiferth v. Helicopteros Atuneros, Inc*., 472 F.3d 266, 274 (5th Cir. 2006) (discussing claim-specific nature of specific jurisdiction). BOTL has pled causes of action for: (1) breach of contract based on promissory estoppel; and (2) false advertising in violation of the Lanham Act. Compl. ¶¶ 53-54.

With respect to BOTL's contract claim, it is well settled that the existence of a contract alone is insufficient to confer personal jurisdiction over a nonresident defendant. *Burger King*, 471 U.S. at 478–79; *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999); *Blair Communications, Inc.* 80 S.W.3d at 727. BOTL alleges that Plastic breached their agreement by failing to deliver the cigar cutters to BOTL in Texas. Compl. ¶ 53. In addition, BOTL contends that communications pertaining to the negotiation and performance of the alleged contract were directed to it in Texas. *Id.* These are insufficient contacts to confer personal jurisdiction over Plastic in Texas. Assuming, for the sake of argument, that an enforceable oral agreement existed between the parties, that agreement was largely to be performed in Minnesota, not Texas. The alleged contract contained neither a Texas forum selection clause, nor did it select Texas law to govern any dispute. *See Burger King*, 471 U.S. at 481 (discussing impact of choice of law provisions on specific jurisdiction analysis). In addition, the alleged contract does not envision a lasting relationship between the parties. *See id.* (noting that although the contract in question contemplated a twenty-year relationship, that was still insufficient to confer specific jurisdiction). BOTL concedes that no representative from Plastic ever traveled to Texas in conjunction with the alleged contract. *See id.* (discussing relevance of physical presence in forum state).

BOTL argues that Plastic purposefully availed itself of Texas by participating in meetings by telephone or video conference with BOTL in Texas.  Compl. ¶ 29.   In *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 778 (5th Cir. 1986), the Fifth Circuit held that "the exchange of communications … in the course of developing and carrying out the contract was … insufficient to constitute purposeful availment of the benefits and protections of Texas law."  Likewise, the communications in this case pertain to the formation and performance of the alleged contract and therefore are insufficient minimum contacts.  *Id*; *see also Smirch v. Allied Shipyard, Inc.*, 164 F. Supp. 2d 903, 908 (S.D. Tex. 2001) (declining to exercise jurisdiction over a nonresident defendant in a contract case when "nothing in the record… indicates that these communications occurred other than in the course of developing and carrying out the contract").[1]   As a result, the court lacks specific personal jurisdiction over Plastic with respect to BOTL's breach of contract claim.

Next, the Court turns to BOTL's Lanham Act claim under 15 U.S.C. § 1125.[2]  To prevail on this claim, BOTL will need to show:

> (1) that the defendant made a false statement of fact about its product in a commercial advertisement; (2) that the statement actually deceived or has a tendency to deceive a substantial segment of its audience; (3) the deception is likely to influence the purchasing decision; (4) the defendant caused the false statement to enter interstate commerce; and (5) the plaintiff[ ] ha[s] been or [is] likely to be injured as a result.

---

[1] Inasmuch as most all contracts are the product of some negotiation, it would permit the exception to swallow the rule if negotiations relating to contract formation could give rise to specific jurisdiction whereas the existence of a contract could not.

[2] It is not entirely clear from the complaint whether BOTL is also asserting state law causes of action with respect to its allegations of false advertising and misrepresentation.  The Complaint reads "In addition to other actions, this comprises a breach of 15 U.S.C. § 1125.  Since the pleading does not specify which "other actions" BOTL is referring to, the Court will assess its personal jurisdiction over Plastic with respect to a § 1125 claim.

*Logan v. Burgers Ozark Country Cured Hams Inc.*, 263 F.3d 447, 462 (5th Cir. 2001) (citing *Blue Dane Simmental Corp. v. Am. Simmental Ass'n*, 178 F.3d 1035, 1042 (8th Cir. 1999)). In this case, BOTL claims that Plastic holds itself out to the public as a reliable designer and manufacturer of metal and ceramic parts.   Compl. ¶¶ 23-26.   These advertisements are apparently directed at a nation-wide audience and BOTL does not allege that Plastic deliberately targeted Texas with an advertising campaign.   In general, personal jurisdiction exists over a nonresident defendant in a misrepresentation case only when specific communications are directly targeted at the forum state.   *See Delta Brands Inc. v. Danieli Corp.*, 99 F. App'x. 1, 6 (5th Cir. 2004); *Wein Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 213 (5th Cir. 1999).

However, BOTL also alleges specific statements directed at Texas made by Mike Brown, Plastic's Director of Sales and Marketing.   For example, BOTL alleges that Mr. Brown made assurances such as "[w]e will get it done for you" during the course of contract negotiations.   Compl. ¶ 34.   While these kinds of statements may have been intentionally directed at Texas, by their terms they are not "commercial advertisements."   Instead, these are private representations directed at BOTL as a potential consumer and, as such, do not fall under the purview of the Lanham Act.   *See Lexmark Intern., Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1390 (2014) ("A consumer who is hoodwinked into purchasing a disappointing product may well have an injury-in-fact cognizable under Article III, but he cannot invoke the protection of the Lanham Act—a conclusion reached by every

Circuit to consider the question.").   As a result, Plaintiff has not established facts to support a *prima facie* case of specific jurisdiction over its Lanham Act claim.[3]

*2. General Jurisdiction*

BOTL argues that Plastic is subject to general jurisdiction in Texas.  Doc. No. 8 at 8. As evidence of BOTL's continuous presence in the forum, BOTL notes that Plastic grosses $3.5 million in sales in Texas.  *Id.*  In addition, Plastic representatives attend trade shows in Texas. *Id.* at Ex. A.  Plastic advertises here. *Id.*  These minimal contacts are insufficient for general jurisdiction, which requires that the nonresident be "essentially at home in the forum state." *Daimler AG v. Bauma*n, 134 S.Ct. 746, 758, n.11 (2014) (internal citations omitted). The "continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum." *Johnston v. Multidata Sys. Intern. Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (citing *Submersible Sys., Inc. v. Perforadora Cent., S.A.*, 249 F.3d 413, 419 (5th Cir. 2001)).

In *Helicopteros*, perhaps the seminal general jurisdiction case, the nonresident defendant purchased $4 million worth of helicopters and spare parts from a Texas company. 466 U.S. at 411.  The nonresident also sent its pilots to Texas for training, engaged in business meetings in Texas, and drew a check for over $5 million from a Texas bank.  *Id.*   In spite of these business contacts, the Supreme Court ruled that a court in Texas lacked general jurisdiction over the defendant.  *Id.*   In applying *Helicopteros* and other Supreme Court decisions concerning general personal jurisdiction, the Fifth Circuit has drawn a distinction between contacts which constitute doing business *with* Texas and contacts that constitute

---

[3] Notably, BOTL's claim fares no better if liberally construed as asserting a state law cause of action for negligent misrepresentation.  BOTL does not allege that Mr. Brown's statements fell below a reasonable standard of care.  *See McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests*, 991 S.W.2d 787, 792 (Tex. 1999)(outlining elements of negligent misrepresentation claim under Texas law).

doing business *in* Texas.  *See Access Telecom, Inc. v. MCI Telecommunications Corp.*, 197 F.3d 694, 717 (5th Cir. 1999) (emphasis added).

A nonresident that merely does business with Texas businesses or customers will not be subject to general jurisdiction here unless it also has a lasting physical presence in the state. *Id.*   As a result, the fact that Plastic sells its products in Texas is insufficient to confer general jurisdiction.   *Johnston,* 523 F.3d at 609 (finding no general jurisdiction over nonresident whose sales in the forum constituted 3% of its business); *Access Telecom*, 197 F.3d at 717–18 (finding no general jurisdiction where the defendant derived millions of dollars a month in revenue from Texas residents); *Siemer v. Learjet Acquisition Corp.*, 966 F.2d 179, 181–84 (5th Cir. 1992); *Dalton v. R&W Marine, Inc.*, 897 F.2d 1359, 1362 (5th Cir. 1990).

In addition, Fifth Circuit law is clear that Plastic's presence in Texas is not "continuous and systemic" simply because it advertises here.  *Johnston,* 523 F.3d at 609; *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 376 (5th Cir. 1987) (finding that nation-wide advertising program that also included the forum did not support general jurisdiction); *Oreck Corp. v. U.S. Floor Systems, Inc.*, 803 F.2d 166, 169 (5th Cir. 1986).[4]   Finally, the fact that Plastic's representatives traveled to Texas to attend trade shows does not mean that Plastic has a "continuous and systemic" presence in the State.  It is settled that "mere travel, even at regular intervals into a state, does not create general jurisdiction."  *Johnston,* 523 F.3d at 614 (citing

---

[4] BOTL alleges that Plastic advertises on the internet.  Although websites can sometimes confer general jurisdiction, there has been no showing that Plastic's web presence is sufficiently targeted at Texas to confer jurisdiction here.  *See Revell v. Lidov*, 317 F.3d 467, 470 (5th Cir. 2002) (discussing "sliding-scale" for whether a web presence in the forum can confer general jurisdiction based upon how interactive the website is).

*Helicopteros*, 466 U.S. at 418).   Consequently, the sum of Plastic's contacts with Texas are insufficient to establish general jurisdiction.[5]

###### 3.   *Jurisdictional Discovery*

Perhaps anticipating that the Court lacks general jurisdiction, BOTL seeks jurisdictional discovery.  Doc. No. 8.  A court may grant jurisdictional discovery when the plaintiff makes a preliminary showing of jurisdiction.[6] *See Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005) (citing *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003)).  However, when the lack of personal jurisdiction is clear, discovery is also unnecessary. *Kelly v. Syria Petroleum Dev. B. V.*, 213 F.3d 841, 855 (5th Cir. 2000) (internal quotation marks omitted).

In assessing BOTL's entitlement to further discovery, it is important to consider what BOTL has demonstrated that it already knows regarding Plastic's presence in Texas.  BOTL is aware of Plastic's sales volume here, its participation in trade shows here, and its advertising here.  Moreover, BOTL does not identify in its motion what kind of facts it reasonably expects to discover that would further establish Plastic's presence in the state.  Instead, BOTL argues that it is entitled to jurisdictional discovery to "further elucidate and quantify jurisdictional facts."  Doc. No. 8 at 9.  The Court's conclusion that it lacks general jurisdiction over Plastic is not grounded in any failure on BOTL's part to describe Plastic's contacts with Texas in sufficient detail.  Instead, the Court lacks general jurisdiction because the contacts themselves are insufficient as a matter of law to establish that Plastic has a "continuous and systemic"

---

[5] There being no *prima faci*e case of either specific or general jurisdiction, there is no need for the Court to analyze whether an assertion of personal jurisdiction over Plastic would violate fundamental fairness. *Int'l Shoe*, 326 U.S. at 316.
[6] A preliminary showing is necessarily less than a *prima facie* showing because if the plaintiff made a *prima facie* showing, jurisdictional discovery would be unnecessary.

presence in Texas.  Stated differently, BOTL appears in possession of all of the facts it needs to make its jurisdictional argument.[7]   That the Court ultimately disagrees does not automatically imply that BOTL is entitled to further discovery.  Since BOTL has neither made a preliminary showing of jurisdiction nor alleged that it expects to find more contacts between the nonresident and the forum, BOTL is not entitled to jurisdictional discovery.[8]

## CONCLUSION

In light of the foregoing analysis, Defendant's motion to dismiss is GRANTED.  Doc. No. 6.  The Clerk is directed to CLOSE the case.


SIGNED this 1st day of August, 2014.



_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[7] BOTL does not allege, nor could it reasonably expect, that further discovery will enable it to uncover hidden Plastic operations in Texas that would make it essentially at home here.  Further elaboration on the contacts BOTL has already uncovered will not change the analysis, making further discovery pointless.
[8] BOTL itself acknowledges that jurisdictional discovery can often bleed into the merits and is thus a disfavored remedy. Doc. No. 8.